**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

EDWARD DIEOREO,                                                          **22-cv-09907**

               Plaintiff,                                               **COMPLAINT**

    -against-

ASCENT CONFERENCE LLC and FRED
ROCKWELL,

               Defendants.
-------------------------------------------------------------X

      Plaintiff, EDWARD DIEOREO ("Plaintiff"), as and for his Complaint against Defendants,

ASCENT CONFERENCE LLC ("Ascent") and FRED ROCKWELL ("Rockwell") (collectively,

"Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

      1.     Rockwell owns and operates a company -- Ascent -- based in New York, New York

that hosts events to bring C-Suite leaders (CEOs, COOs, CFOs, etc.) in various industries together

for leadership conferences, networking events, and webinars.

      2.     Plaintiff worked for Ascent as a salesman selling corporate sponsorships for these

events.

      3.     Plaintiff brings this lawsuit seeking to recover unpaid overtime wages, unpaid

commission wages, unpaid regular wages, and other relief related to his employment with

Defendants.

## JURISDICTION AND VENUE

      4.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Section 279:21 of the New Hampshire Minimum Wage Law ("NHMWL"), Section

1

275:48 of the New Hampshire Protective Legislation Law ("NHPLL"), and their respective attendant regulations.

5.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(1), because at least one Defendant is a resident of this judicial district and all Defendants are New York residents, and 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to these claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

**Plaintiff Edward Dieoreo**

8.      Plaintiff is a resident of the State of New Hampshire.

9.      Defendants employed Plaintiff as a salesman for their benefit and at their direction.

10.      Defendants employed Plaintiff from on or about August 2, 2021 until on or about October 25, 2022.

11.      At all relevant times, Plaintiff was an employee of Defendants within the meaning of Section 3(e) of the FLSA and Section 279:1 of the NHMWL.

**Defendant Ascent Conference LLC**

12.      Upon information and belief, Ascent is a domestic limited liability company duly organized and existing under the laws of the State of New York.

13.     Upon information and belief, Ascent maintains its principal place of business at 404 5th Avenue, 3rd Floor, New York, New York 10018.

14.     At all times relevant to this Complaint, Ascent has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has had and continues to have an annual gross volume of sales of not less than $500,000.00.

15.     At all times relevant to this Complaint, Ascent was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

16.     At all times relevant to this Complaint, Ascent was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and Section 279:1 of the NHMWL, and employed employees, including Plaintiff.

17.     During Plaintiff's employment, Ascent maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

18.     During Plaintiff's employment, Ascent knowingly and willfully misclassified Plaintiff as an independent contractor, despite maintaining full control over the employment relationship with him.

**Defendant Fred Rockwell**

19.     Upon information and belief, Rockwell is a resident of the State of New York.

20.     At all relevant times, Rockwell was an individual engaging in business within this judicial district.

21.     Upon information and belief, Rockwell was and continues to be an owner, officer, director, member , and/or managing agent of Ascent.

22.     Upon information and belief, Rockwell was and continues to be the President of Ascent.

23.     Upon information and belief, Rockwell was and continues to be the Chief Executive Officer of Ascent.

24.     At all relevant times, Rockwell ran the daily operations of Ascent.

25.     At all relevant times, Rockwell participated in the management and supervision of Plaintiff and his work for Ascent.

26.     At all relevant times, Rockwell exercised operational control over Ascent, controlled significant business functions of Ascent, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Ascent in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

27.     Rockwell determined the wages and compensation of Ascent's employees, including Plaintiff, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees.

28.     At all times relevant to this Complaint, Ascent was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and Section 279:1 of the NHMWL, and employed employees, including Plaintiff.

29.     Rockwell participated in the decision to hire Plaintiff.

30.     Rockwell participated in the decision to fire Plaintiff.

31.     Rockwell participated in deciding the job duties that Plaintiff performed.

32.     Rockwell participated in the supervision of Plaintiff's job duties and responsibilities.

33.     Rockwell participated in deciding the manner in which Plaintiff was paid.

34.     Rockwell participated in deciding the compensation Plaintiff was paid.

35.     Rockwell participated in the decision to unlawfully misclassify Plaintiff as an independent contractor.

**Defendants Constitute Joint Employers**

36.     Rockwell owns, operates, and/or controls Ascent.

37.     Rockwell possesses operational control over Ascent, possesses an ownership interest in Ascent, and controls significant functions of Ascent.

38.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

39.     Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

40.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

41.     Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NHMWL.

**Factual Allegations Pertaining Specifically to Plaintiff's Wage Claims**

42.     Plaintiff was an employee of Defendants.

43.     Plaintiff worked as a salesman.

44.     Plaintiff's job duties entailed selling corporate sponsorships for Defendants' events.

45.     Defendants did not require Plaintiff to punch in or out of his daily shifts and did not require him to track his hours worked in any other way.

46.     During his employment, Plaintiff regularly worked Monday through Friday from about 8:00 a.m. until about 7:00 p.m., and for about four (4) to five (5) hours on Saturday and Sunday, for a total of approximately sixty-three (63) to sixty-five (65) hours a week.

47.     Plaintiff was paid a flat bi-weekly rate of pay plus commissions.

48.     Defendants did not pay Plaintiff overtime compensation for any of the hours he worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

49.     Defendants refused and failed to pay Plaintiff the commissions he earned during the final quarter of his employment.

50.     Defendants refused and failed to pay Plaintiff the regular wages he earned during the final three pay periods of his employment.

51.     Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

52.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

53.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

55.     Ascent is subject to the overtime pay requirements of the FLSA because it was an enterprise engaged in commerce or in the production of goods for commerce.

56.     At all times relevant to this Complaint, Ascent had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff.

57.     Upon information and belief, the gross annual volume of sales made or business done by Ascent in each applicable year was not less than $500,000.00.

58.     Ascent was and is subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

59.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

60.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

61.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

62.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

63.     However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

64.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

65.     Defendants did not act in good faith with respect to the conduct alleged herein.

66.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW HAMPSHIRE MINIMUM WAGE LAW**
**SECTION 279:21**
**FAILURE TO COMPENSATE FOR OVERTIME**

67.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

68.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of the NHMWL.

69.     Under New Hampshire law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

70.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NHMWL and the regulations pertaining thereto.

71.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week.

72.     Plaintiff was not exempt from the overtime provisions of the NHMWL during his employment because he did not meet the requirements for any of the exemptions thereunder.

73.     Defendants acted willfully and either knew that their conduct violated the NHMWL or showed a reckless disregard for the matter of whether their conduct violated the NHMWL.

74.     Defendants did not act in good faith with respect to the conduct alleged herein.

75.     As a result of Defendants' violations of the NHMWL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW HAMPSHIRE PROTECTIVE LEGISLATION LAW**
**SECTION 275:48**
**<u>FAILURE TO PAY WAGES</u>**

76.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

77.     Under New Hampshire law, an employer may not withhold or divert any portion of an employee's wages.

78.     By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff the commissions and regular wages he earned during his employment with Defendants.

79.     Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

80.     Defendants have acted willfully and either knew that their conduct violated the NHPLL or have shown a reckless disregard for the matter of whether their conduct violated the NHPLL.

81.     Defendants have not acted in good faith with respect to the conduct alleged herein.

82.     As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

83.     As a result of Defendants' violations of the NHPLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**BREACH OF CONTRACT**
**IN THE ALTERNATIVE**
**FAILURE TO PAY WAGES**

84.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85.     On July 29, 2021, Defendants and Plaintiff entered into a compensation agreement.

86.     Under the terms of the compensation agreement, Defendants agreed to pay Plaintiff $6,000 per month for the first three (3) months of Plaintiff's employment.

87.     Under the terms of the compensation agreement, Defendants agreed to pay Plaintiff $6,500 per month for each month beginning in month four (4).

88.     Under the terms of the compensation agreement, Defendants agreed to pay Plaintiff commission on sales pursuant to a tiered commission structure.

89.     During the final three (3) pay periods of Plaintiff's employment, Defendants failed and refused to pay Plaintiff his regular, contractual wages.

90.     From on or about August 31, 2022 until the end of Plaintiff's employment, Defendants failed and refused to pay Plaintiff the full amount of commission he earned on sales.

91.     Defendants' failure and refusal to pay said regular wages and commission was a material breach of contract.

92.     As a result of Defendants' breach of contract, Plaintiff has incurred harm and loss in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly,

adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

    1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

    2. Willfully violated the provisions of the NHMWL by failing to pay Plaintiff overtime compensation;

    3. Willfully violated the provisions of the NHPLL by failing to pay Plaintiff regular wages and commission;

    4. Materially breached Plaintiff's compensation agreement by failing to pay Plaintiff regular wages and commission;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the FLSA;

D. Award interest on all unpaid wages due accruing from the date such amounts were due;

E. Award all costs and attorneys' fees incurred in prosecuting this action; and

F. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       November 21, 2022

THE NHG LAW GROUP, P.C.

_____
By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com